[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 3844
The plaintiff has moved to set aside the verdict in favor of the defendant.
The first two grounds relate to the charge to the jury. The plaintiff claims it was error for the court to charge as it did on the status of the plaintiff on the defendant's premises. The court defined the meaning of "invitee" and "licensee" and left it to the jury as a question of fact as to what her status actually was. The other claimed error was the court's failure to charge on the doctrine of "Res Ipsa Loquitur," as requested by the plaintiff. The court finds that the plaintiff failed to prove all the elements required for that charge. Particularly the plaintiff failed to exclude all possibilities other than the defendant's negligence. The court finds no error in the charge regarding the plaintiff's status.
The claim that photographs marked as Plaintiff's Exhibits 26(a) and 26(b) and Defendant's Exhibit 8 were admitted into evidence without proper foundation is rejected by the court. There was a proper basis for their admissibility.
The Lawrence Memorial Hospital record was properly admitted into evidence since it pertained to plaintiff's claims for mental anguish and emotional distress as well as her claim of laceration and scaring of her wrist.
Finally, the plaintiff claims that the court erred in precluding evidence of the defendant's failure to inspect the couch which she claims was defective. The court finds that the evidence was properly excluded because the plaintiff did not allege a failure to inspect in her complaint. Her attempts to amend were untimely.
For all of the foregoing reasons, the Motion to Set Aside the Verdict is denied.
Hurley, J. CT Page 3845